IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRENCE A. HARRIS : | |
| : | |
| Plaintiff, : | Case No. 4:15-cv-00135 |
| : | |
| v. : | |
| : | |
| WILLIAM WENZEL, : | (Judge Brann) |
| COUDERSPORT BOROUGH POLICE : | |
| DEPARTMENT, TROOPER/OFFICER : | |
| TWIGG, and SERGEANT GOODWIN : | |
| : | |
| Defendants. : | |

**MEMORANDUM**
August 19, 2015

Currently pending before the Court is a Motion to Dismiss for Failure to Follow a Court Order filed by Defendants William Wenzel and Coudersport Borough Police Department. (ECF No. 17). The matter is ripe for disposition and, for the reasons discussed below, the Motion will be granted.

**I.    BACKGROUND**

This Motion arises out of the Court's Order dated July 7, 2015 which granted the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 16). In that Order, this Court dismissed the majority of claims without prejudice and granted leave for Mr. Harris to file an amended complaint within twenty-one days (July 28, 2015). Id. The Court notified Mr. Harris that failure to comply with

1

the Order and file an amended complaint within the allotted time would result his claims being dismissed with prejudice.  Id. at ¶ 10.  The deadline for Mr. Harris to file an amended complaint lapsed three weeks ago with the filing of an amended complaint or any other form of communication from Mr. Harris.

## **II.**     **DISCUSSION**

Rule 41(b) provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).  The United States Court of Appeals for the Third Circuit has articulated six factors for a court to consider when pondering dismissal under Rule 41(b):

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3) a history of dilatoriness;
(4) whether the conduct of the party or the attorney was willful or in bad faith;
(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
(6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). "In balancing these factors, there is no 'magic formula,' nor must they all be satisfied." Parks v. Ingersoll-Rand Co., 380 F.App'x 190, 194 (3d Cir. 2010).

After balancing these factors, the Court concludes that the remaining claims should be dismissed with prejudice. First, Ms. Harris is proceeding *pro se* in this matter, and therefore he alone bears all responsibility for his failure to comply with this Court's Order. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

Second, because discovery has not yet commenced, the delay engendered by Mr. Harris' refusal to submit an amended complaint will result in "the irretrievable loss of evidence [and] the inevitable dimming of witnesses' memories[.]" Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (quoting Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984)). Third, although not extensive, there is some history of dilatoriness on Mr. Harris' part. After the first Motion to Dismiss was filed, the Court waited approximately five months for Mr. Harris to file a reply, but found none forthcoming.

Fourth, Mr. Harris' actions in failing to comply with the Court's Order have no reasonable explanation; this lack of "explanation for the Plaintiff's . . . [dilatoriness supports] the inference that his behavior is willful." Reisinger v. Connor, No. 3:12-CV-02117, 2014 WL 6837008, at *3 (M.D. Pa. Dec. 3, 2014). Fifth, there is no lesser available sanction that would be effective. As Mr. Harris is

proceeding *pro se*, attorney sanctions are not possible. Given Mr. Harris' failure to comply with this Court's Order, his financial situation, and his sovereign citizen leanings, a fine does not appear to be an effective way to coerce Mr. Harris' compliance with this Court's Orders. Finally, although the Court declines to analyze the merits of this case, "[c]ommon sense dictates that [plaintiff's] action is of questionable merit." Windward Agency Inc. v. Cologne Life Reinsurance Co., 353 F. Supp. 2d 538, 541 (E.D. Pa. 2003).

In sum, each of the enumerated Poulis factors weighs in favor of dismissing Mr. Harris' complaint with prejudice based on his failure to comply with a court order and his failure to prosecute. Consequently, the Court will grant Defendants' Motion.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 17) is granted in full. All remaining claims are dismissed with prejudice.

An appropriate Order will follow.

                                          BY THE COURT:

                                          /s Matthew W. Brann
                                          Matthew W. Brann
                                          United States District Judge